**ARMAND SCHMOLL, Inc., v. OCEANIC S. S. CO. et al.**

District Court, S. D. New York.

Oct. 30, 1941.

Haight, Griffin, Deming & Gardner, of of New York City (J. Ward O'Neill and James C. Coggill, both of New York City, of counsel), for respondent-petitioners Oceanic and Matson.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Michael F. Whalen and William J. Fleming, both of New York City, of counsel), for respondent Baltimore Mail.

CONGER, District Judge.

Baltimore Mail Steamship Company has filed exceptions to the impleading petition of the respondents The Oceanic Steamship Company and the Matson Navigation Company which were served under Admiralty Rule 56, 28 U.S.C.A. following section 723.

The libel herein alleges that 206 casks of calf skins were shipped from Auckland, New Zealand, to Los Angeles on the SS Mariposa; that at Los Angeles, Baltimore Mail accepted the shipment from Oceanic and Matson for transhipment to New York, but failed and refused to so transport said shipment; that after long delay Baltimore Mail delivered the shipment to American Hawaiian Steamship Company, by whom it was transported to New York. The libel further alleges that the shipment suffered damage while in the possession of Oceanic and Matson; that it suffered

additional damage in the possession of Baltimore Mail and suffered further additional damage in the possession of American Hawaiian, the total damage claimed being $17,000.

Each respondent has appeared and answered the libel. The respondents Oceanic and Matson have filed the within impleading petition wherein they allege that Baltimore Mail took delivery of the shipments at Los Angeles and agreed to transport the same to New York option Boston; that Baltimore Mail failed and neglected to carry the shipment to New York; that petitioners had to arrange with American Hawaiian to so ship; that the shipment was delivered in New York in bad condition; that the shipment was not damaged while in the possession of Oceanic and Matson.

The Baltimore Mail has filed exceptions to this impleading petition on the ground that since this cargo was shipped under a transhipment bill of lading to Los Angeles, as distinguished from a through bill of lading, and which transhipment bill of lading contained clauses that the liability of the carrier was limited to the loss or damage accruing on its own route; and since Oceanic and Matson were only forwarding agents at Los Angeles, and each respondent is charged with causing the damage, there is no need for any impleading petition, as petitioners cannot be held liable for any damage occurring after the goods left its ship.

The impleading petitioners, however, claim that they should be indemnified in the event that it should be held upon the trial that they are primarily liable to the libelant for damage caused by respondent-impleaded, Baltimore Mail.

I am of the opinion that the position of the respondent-impleaded is well taken.

Under the terms of the transhipment bill of lading, the initial carrier, petitioners herein, are liable for damage occurring only while the cargo was in their possession. Likewise, of course, the respondent-impleaded is liable to libelant for damage to the cargo while it was in their possession. There appears to be no cause of action stated in the petition, for indemnity or liability of the Baltimore Mail to the petitioners, since the very terms of the bills of lading, which are incorporated in the pleadings, do not hold petitioners liable for damage caused while the cargo was not in their possession.

Under the terms of the original transhipment bills of lading, petitioners were to act as forwarding agents of the shipper for the transportation of the cargo from Los Angeles to New York option Boston. In their impleading petition they do not claim as agents of libelants, but, on the contrary, they claim for indemnity only in the event they are held primarily liable for the damage. Petitioners state that libelants may contend that petitioners were negligent in contracting with respondent-impleaded and should therefore be held primarily liable. Such a cause of action is not, however, pleaded by libelant in the libel.

Therefore, I have concluded that the exceptions to the within impleading petition must be sustained, but without prejudice to a renewal petition if libelant amends the libel so as to charge petitioners with negligence in contracting with respondent-impleaded, and petitioners should therefore be held primarily liable for the damage.

Settle order on notice.